E-FILED
Wednesday, 31 May, 2017 05:27:57 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| SALLY SHORT,<br><br>Plaintiff,<br><br>v.<br><br>AFNI, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 4:17-cv-04148<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes SALLY SHORT ("Plaintiff") by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of AFNI, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Defendant's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18 years-of-age who, at all times relevant, resided in the Central District of Illinois.

5. Defendant is an Illinois corporation with its principal place of business located at 404 Brock Drive, Bloomington, Illinois. Defendant transacts business in Illinois and its registered agent in Illinois is Gregory J. Donovan also located at 404 Brock Drive, Bloomington, Illinois 61701.

6. Defendant is a creditor, debt collector, and furnisher of credit information.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed or allegedly owed to a third party.

## DEFENDANT'S INACCURATE AND NEGATIVE REPORTING ON PLAINTIFF'S CREDIT REPORT

8. In 2015, Plaintiff subscribed to cable television services offered by AT&T.

9. In April 2017, Plaintiff received an alert from a credit monitoring service informing her that she had an AT&T mobility account reported by Defendant ("subject account") with an "open" status on her Equifax credit report.

10. In addition to listing the subject account with an "open" status, Defendant reported to Equifax that the subject account was opened in November 30, 2016 and that Plaintiff owed a balance of $778.00.

11. Plaintiff then accessed her TransUnion credit report to find that in addition to the information reported by Defendant to Equifax, Defendant further reported the subject account as "placed for collection" to TransUnion.

12. Plaintiff has never subscribed to cellular phone services from AT&T.

13. On April 18, 2017, Plaintiff contacted AT&T to inquire as to the reason for the reporting of the subject account.

14. The AT&T representative with whom Plaintiff spoke confirmed that Plaintiff never had an AT&T mobility account.

15. Moreover, Plaintiff never received any notices regarding the subject account, from Defendant or AT&T, in the mail or through any other method.

16. Startled by the presence of the subject account on her credit reports and fearful of the negative impact Defendant's reporting of the subject may have on her credit scores, Plaintiff contacted Defendant and Plaintiff was informed that the subject account was closed.

17. Plaintiff provided her Social Security Number Defendant's representative with whom she spoke to verify the account. Plaintiff was informed that no account matched Plaintiff's Social Security Number and that the subject account perhaps belonged to another person bearing the name "Sally Short."

18. Defendant further directed Plaintiff to contact AT&T to resolve the issue.

19. Defendant continued to report the erroneous, misleading, and damaging information related to the subject account on Plaintiff's credit reports.

20. Since November 30, 2016 when Defendant began reporting the false information in reference to the subject account, Plaintiff has not received any correspondences from Defendant regarding the subject account.

21. Defendant's agent, with whom Plaintiff spoke, even told Plaintiff that since there was another "Sally Short" in their database with an account in collections, it was possible that mailed notices, if any, would have been mailed to the other "Sally Short."

22. By listing the subject account with a balance due in the amount of $778.00, Defendant attempted to collect the subject account from Plaintiff as of the date of the initial reporting on Plaintiff's credit reports.

23. Defendant failed to send to Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff as required by 15 U.S.C. §1692g.[1]

24. Defendant's false and harmful reporting has had an adverse effect on Plaintiff's Equifax and TransUnion credit reports since the date of the initial reporting.

25. Concerned about the negative impact to her credit and the violations of her rights and protections afforded by the FDCPA, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts and erroneous credit reporting cease.

26. Plaintiff has expended time and expenses consulting with her attorneys as a result of Defendant's deceptive collection actions.

27. Plaintiff was unduly inconvenienced by Defendant's unlawful attempts to collect a debt that was never owed.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

---

[1] Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing 1.) the amount of the debt, 2.) the name of the creditor to whom the debt is owed, 3.) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, 4.) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and 5.) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g.

30. Defendant qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

31. The debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant violated 15 U.S.C. §§1692 e(2), e(8), e(10), f, and g through its debt collection efforts on a debt that was never incurred or owed by Plaintiff.

**a. Violation of FDCPA §1692e**

33. Defendant violated §1692e(2) by falsely representing or attempting to confuse Plaintiff that the debt related to the subject account was collectible when in fact it was not collectible because Plaintiff never owed this debt.

34. Defendant violated §1692e(8) by communicating false credit information to Equifax and TransUnion, listing the subject account as "placed for collections", stating that the debt was originally incurred with AT&T, and listing a balance in the amount of $778.00.

35. Defendant violated §1692e(10) by engaging in deceptive conduct as the debt was not collectible or owed at the time the false credit information was reported by Defendant.

**b. Violation of FDCPA §1692f**

36. Defendant violated §1692f by employing unfair and unconscionable means to collect a debt Plaintiff never incurred and did not owe at the time Defendant reported the account as in collections on Plaintiff's Equifax and TransUnion credit reports.

**c. Violation of FDCPA §1692g**

37. Defendant violated §1692g by failing to send Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff when it began reporting false information related to the subject account.

38. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally collectible or owed.

39. As an experienced creditor and debt collector, Defendant knew or should have known the ramifications of collecting from Plaintiff a debt that was never incurred.

40. Defendant knew or should have known that the debt was not owed.

WHEREFORE, Plaintiff, SALLY SHORT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

41. Plaintiff restates and reallages paragraphs 1 through 40 as through fully set forth herein.

42. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

43. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

44. Defendant was engaged in "commerce" in the State of Illinois with regard to Plaintiff and the alleged debt related to the subject account as defined by ICFA, 815 ILCS 505/1(f). Defendant specializes in debt servicing and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

45. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

46. Defendant's credit reporting regarding the alleged debt related to the subject account, which was never incurred by Plaintiff, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time Defendant reported the inaccurate information to Equifax and TransUnion.

47. It was unfair for Defendant to seek to collect a debt that Plaintiff never incurred through misleading, inaccurate, and negative reporting on Plaintiff's credit reports.

48. Defendant's reporting of a debt that Plaintiff did not owe is an unfair attempt to induce Plaintiff to pay the debt rather than go through the process of disputing the debt and contesting the inaccurate credit reporting. During this process, Plaintiff's credit report would continue to be inaccurate, painting an unfavorable picture of Plaintiff's creditworthiness to potential creditors.

49. It was unfair for Defendant to mislead Plaintiff into believing that she must pay a sum of $778.00 to satisfy a debt she never incurred and therefore, never owed.

50. Defendant intended that Plaintiff rely on its unfair acts.

51. Plaintiff relied upon Defendant’s false and misleading information by seeking clarification from Defendant and AT&T as to the validity of the debt arising out of the subject account.

52. Plaintiff also relied upon Defendant’s false and misleading information, forcing her to spend time contacting Defendant and AT&T regarding the false debt and consulting with her attorneys regarding Defendant’s blunder.

53. An award of punitive damages is appropriate because Defendant’s conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff’s rights and the rights of consumers, generally.

WHEREFORE, Plaintiff SALLY SHORT requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 31, 2017

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com